U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 27 2009

CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON     PLAINTIFF

VS.     Case No. 09-4012

TEXARKANA ARKANSAS SCHOOL DISTRICT NO. 1;
IN THEIR OFFICIAL CAPACITY AS MEMBERS OF THE BOARD OF
DIRECTORS OF THE TEXARKANA SCHOOL DISTRICT NO. 1:
JIMMY HICKEY, JR., PRESIDENT, ANTHONY WARE,
VICE PRESIDENT, CAROL DALBY, SECRETARY,
SHELBY BROWN, JESSE BUCHANAN,. DONALD NELSON and
ADGER SMITH; AND RUSSELL SAPAUGH, IN HIS INDIVIDUAL
CAPACITY AS SUPERINTENDENT OF THE TEXARKANA SCHOOL
DISTRICT NO. 1,     DEFENDANTS

## COMPLAINT

### I. JURISDICTION & VENUE

1.  Jurisdiction in this court is appropriate pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) as Plaintiff alleges imminent deprivation of constitutional rights guaranteed by AMENDS. IV, V, and XIV, U.S. CONST. Venue in this court is appropriate pursuant to the general venue statute, 28 U.S.C. § 1391, as defendant resides in the Texarkana Division of the Western District of the State of Arkansas.

### II. PARTIES

2.  Plaintiff, Andrea Johnson, is a resident of Texarkana, Texas. She is a person of color of African-American descent. She is employed by the Texarkana Arkansas School District as a teacher pursuant to a written contract.

3.  Defendant Texarkana Arkansas School District No. 1, Miller County, Arkansas, (hereafter "the District" or, "TASD No. 1") is a duly organized and existing political subdivision of

the State of Arkansas capable of suing and being sued. *A.C.A.* § 6-13-102. Defendants Jimmy Hickey, Jr., President, Anthony Ware, Vice President, carol Dalby, Secretary, Shelby Brown, Jesse Buchanani,. Donald Nelson and Adger Smith are members of the board of directors of the TASD, and are sued in their official capacity. Defendant Russell Sapaugh is employed as the superintendent of TASD, and is sued in his individual capacity.

### III.     FACTUAL ALLEGATIONS

4.      Plaintiff is a teacher licensed by the Arkansas Department of Education as a special education instructor specialist for grades P-4 and 5-12. She is also licensed in Texas to teach U.S. History, Social Studies, and Special Education.

5.      Plaintiff has been a teacher for more than twenty-four years. She worked for approximately 20 years in Texas prior to defendant employing her as a teacher in the 2005-2006 school year. Defendant re-employed plaintiff by written contract each school year since 2005-06, most recently for the 2008-2009 school year. **[Exhibit 1]** Her specific job assignment is referred to as an "inclusion teacher." In tat role, she is to assists the regular classroom teacher with the special needs students who are included in the regular classroom despite different learning needs and abilities. Plaintiff is not the only teacher in the classroom and she is not the primary teacher for any of these students. The regular teacher is still the primary teacher who establishes the course requirements, prepares the tests for all students, and grades all students, including those with special needs.

6.      Plaintiff is a non-probationary teacher pursuant to provisions of the Arkansas Teacher Fair Dismissal Act, *A.C.A.* §6-17-1502, having completed three years employment in a single Arkansas school district.

7.      Accordingly, Plaintiff has a constitutionally protected present entitlement of a

property interest in continued employment with the defendant unless her employment is terminated or non-renewed for cause pursuant to state law, *A.C.A.* §6-17-1506 and constitutionally adequate procedures.

8..    Plaintiff has an excellent, and long-standing, professional reputation as an educator. Prior to the events described below, she has never had her professional integrity impugned by a student, teacher, parent, school district superintendent, colleague, or school board.  Nor has plaintiff faced censure, revocation, or suspension of her teaching licenses in either Texas or Arkansas during her 25 year career as an educator.

9.    Accordingly, Plaintiff has a present entitlement to constitutionally protected liberty interests in her good name, honor, integrity, and professional associations and reputation as a licensed educator and ability to pursue her chosen career.

10.    On December 19, 2008, Superintendent Sapaugh issued a suspension letter to plaintiff accusing her of unprofessional conduct which impugns her good name, honesty and integrity as a professional educator, and threatens termination, all, allegedly, based on statements elicited from three students on December 18 and 19, 2008. **[Exhibit 2]**[1]  Sapaugh based his recommendation on an investigation by principal, Robin Stover, and Assistant Superintendent Kathy Kessler. No report of their investigation exists, only their hand written notes setting out the allegation later included in

---

[1] In light of the relief plaintiff seeks, and the potential greater harm to plaintiff that could arise, counsel for plaintiff has filed offending exhibits under seal and has been careful not to repeat nor reproduce in pleadings or exhibits the precise allegation of wrong doing at issue. A *Motion for Protective Order* and *Motion to Seal* any portion of the record which repeats or publishes the substance of the allegation will be forthcoming, if not filed simultaneously with this *Complaint and Motion for Preliminary Injunction.* Pending entry of a protective order and order to seal documents which repeat the allegation, plaintiff urges defendant to file any such document under seal as well. Plaintiff also anticipates that defendant will admit the first sentence of this paragraph 10, thus establishing as an undisputed fact that the allegation "impugns [plaintiff's] good name, honesty and integrity as a professional educator."

the letter of suspension.

11. Kessler interrogated seven special education students on January 5, 2009, while plaintiff was on suspension. In neither the December 18-19 nor the January 5, interrogations of students did the investigating district administrators contact the student's parents or guardians, nor did they inform the students or their parents that the student's statements would be relied upon to terminate the employment of a teacher. No effort was made to interrogate these special needs students in a manner which took into consideration their specific cognitive limitations.

12. On information and belief, these students were prompted to implicate plaintiff when questioned.

13. Superintendent Sapaugh and assistant superintendent Kathy Kessler met with plaintiff on January 12, 2008, to question her and to allow her to present her side of the story. Although they repeated the students' allegations, no actual written statements from the students were made available at this meeting because none have been gathered.

14. Johnson denied the allegations and answered Sapaugh and Kessler's questions. Johnson absolutely denies she engaged in the alleged unprofessional conduct.

15. Superintendent Sapaugh stated at the conclusion of this meeting that he was reluctant to interview the students, but may do so before making a decision.

16. Plaintiff's undersigned counsel faxed a letter to Superintendent Sapaugh on January 13, 2009, pleading that, should further interviews be conducted, the student's parents should be contacted and invited to be present and possibly assist, that he allow Johnson and her counsel to confront the accusers, participate by asking questions, and urging that the student's statements so taken be recorded and preserved so the students would not be required to testify again at any school hearing that may be necessary if the superintendent ultimately recommended termination of

Johnson's employment.  **[Exhibit 3]**  Counsel's secretary followed up immediately upon electronically transmitting this letter by contacting Sapaugh's office. She was assured that the letter request to participate at any further questioning of the students was handed directly to Superintendent Sapaugh that afternoon.

13.   Despite Johnson's willingness to allow defendant to submit the student's testimony by deposition, the least intrusive manner possible by which fundamental constitutional due process could be attained, Sapaugh simply went headlong on his own, ordering that statements be taken from the students in secret on January 14, 2009, just one day after receiving the request to participate from Johnson's counsel. On information and belief, the students were not allowed to contact a parent, the administration did not contact their parents, their statements were not recorded and preserved, and no efforts were taken to determine the reliability of the students statements when examined under these circumstances, taking into consideration their known individual cognitive limitations and learning disabilities.

14.   On January 19, 2009, Sapaugh issued a letter required by A.C.A. § 6-17-1507, notifying Johnson that he intended to recommend termination of her contract.

15.   Through counsel, Plaintiff made a timely request for a hearing on the recommendation before the school board and asked for a list of witnesses whom the Superintendent would present in support of his recommendation.

16.   The district's counsel has provided that list. No student is included in the list. **[Exhibit 4]**

17.   The district, through its counsel, takes the position that it will not even ask the students to appear before the school board for any hearing on Johnson's recommended termination. **[Exhibits 4 and 5]**

18. The district does intend to present the student's alleged statements collected in secret on December 18 and 19, 2008, and January 5 and 14, 2009, to the school board in support of the superintendent's recommendation to terminate Johnson's employment as described in materials provided by defendant's counsel. **[Exhibits 4 and 5]**

19. Johnson's has offered to allow the defendant to present any statements made by the students at which Johnson is invited to participate, suggesting that if the district wishes to present their testimony, that it obtain it by deposing the students before a court reporter at which time, plaintiff may confront the students. That offer of compromise was memorialized in a letter to defendant's counsel, referencing the due process violation which would arise if Johnson is not allowed to confront the alleged accusers at her due process hearing before the school board, even by deposition. **[Exhibit 6]**

20. The district's counsel responded by asserting that the district would go forward without bring the students to testify. It would rely on their version of the student's secret interviews. The district further stated through counsel that it would not even seek to have the students present to testify.

21. TASD has scheduled a hearing on the recommended termination of plaintiff for 6:00 p.m., March 3, 2009. These circumstances establish a presently existing actual threat of harm as described below.

22. Unless an injunction is issued, Superintendent Sapaugh will introduce the hearsay statements he attributes to three students at the March 3rd TASD school board hearing to consider terminating Johnson's employment.

23. Other than the statements attributed to the students, the evidence against plaintiff would not likely result in any job action against Johnson and its presentation to the board would not

violate her due process rights.

24.     A decision to terminate plaintiff made by the board based on the statements attributed by defendant to three students would lead to immediate public disclosure of the circumstances of her termination as "employee evaluation or job performance records, including preliminary notes and other materials . . . upon final administrative resolution of any suspension or **termination** proceeding" are not exempt under the *Arkansas Freedom of Information Act, A.C.A.* § 25-19-105(c)(1).

25.     The disclosure of the allegations and statements against Johnson, as described in paragraphs 22 and 24, above, without the opportunity to confront her alleged accusers, would lead irreparable harm as she would likely face immediate termination of her employment, loss of current wages, suffer a tainted professional reputation, and thereby, be deprived of the present entitlement to property and the present entitlement to a liberty interest in her good name, honor, integrity, professional reputation, and ability to pursue her chosen career.

26.     Although any decision by the school board against Johnson is nominally appealable to state circuit court, *A.C.A.* 6-17-1510(d), that review does not provide an adequate legal or equitable remedy to protect her liberty and property interests from the harm that will naturally flow from a hearing at which the un-examined statements attributed to three students are used to deprive her of her present entitlement liberty and property interests in her good name, honor, integrity, professional reputation, and ability to pursue her chosen career and current wages.

### IV.     FEDERAL CLAIM

27.     The allegations set out in paragraphs 2-26 are hereby incorporated by reference.

28.     The planned introduction of evidence by district personnel, as outlined above, constitutes an imminent threat of depriving plaintiff of a present entitlement to property interests

in continued employment and present entitlement to liberty interests in her good name and professional reputation in violation of rights secured by the Fourth, Fifth, and Fourteenth Amend., U.S. Const. Particularly, she will be deprived of her right to an administrative hearing at which she may confront those witnesses whose statements will be used against her.

29. The TASD's scheduled March 3, 2009, hearing will be conducted under color of state law and therefore threatens an imminent violation of 42 U.S.C. §1983.

30. Plaintiff is herewith filing a motion for preliminary injunction seeking relief.

IV. **RELIEF REQUESTED**

30. Plaintiff is entitled to the following relief:

 A. Preliminary and permanent injunctions enjoining defendant Russell Sapaugh or his subordinates, agents or attorney, from submitting to the Board of Directors of the Texarkana Arkansas School District or its individual members, any written or oral statements allegedly made by, or representing statements allegedly made by, any person, which statements have been proffered to Johnson in support of Sapaugh's recommendation to terminate Johnson's employment, until and unless the person alleged to have made the statement is subject to confrontation and cross examination by Johnson, or her counsel, on the alleged statements, either at the school board hearing on the proposed termination of Johnson's employment, or at a deposition arranged for the purpose of obtaining and preserving the witness's testimony for such a hearing;

 B. Preliminary and permanent injunctions prohibiting the defendant school board members from accepting, reading, or otherwise learning the contents

of the statements allegedly made by students until and unless the student's testimony is proffered in the manner outlined in the requested relief above, paragraph 30(A).

C. An award of plaintiff's attorneys' fees and costs pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for an immediate hearing, and thereafter, entry of a preliminary and permanent injunctions as described above.

**VERIFICATION**

STATE OF ~~ARKANSAS~~ Texas

COUNTY OF ~~PULASKI / MILLER~~ Bowie

I, Andrea Johnson, being first duly sworn, do hereby state that the above and foregoing statements are true and correct to the best of my knowledge and belief.

_____
Andrea Johnson

Subscribed and sworn to before me this 27th day of February, 2009.

Notary Public Wanda D. Davis

My commission expires: 03-01-09

[Notary Seal: WANDA D. DAVIS, Notary Public, State of Texas, Comm. Expires 03-01-2009]

Respectfully submitted,

MITCHELL, BLACKSTOCK, BARNES
WAGONER IVERS & SNEDDON PLLC
1010 West Third
P. O. Box 1510
Little Rock, AR 72203-1510
(501) 378-7870

By: _____
Mark Burnette   BAR NO. 88078
mburnette@mitchellblackstock.com

## CERTIFICATE OF SERVICE

I, Mark Burnette, do hereby certify that a true and correct copy of the foregoing was hand delivered to the following counsel on this 27th day of February, 2009:

NED STEWART
Autrey & Stewart Attorneys at Law
501 East Sixth Street
P.O. Box 960
Texarkana, AR 75504

*Mark Burnette*
Mark Burnette Bar No. 88078