IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANDREA JOHNSON                                                                                                   PLAINTIFF

V.                                              CASE NO. 09-CV-4012

TEXARKANA ARKANSAS SCHOOL
DISTRICT NO. 1, et al.                                                                                         DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed April 29, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 69). Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 43) be denied as to Plaintiff's race discrimination and retaliation claims and granted as to Plaintiff's procedural due process claims. Defendants have responded with timely objections. (ECF No. 70). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

First, Defendants object to Judge Bryant's finding that Plaintiff has established an inference of race discrimination by showing that she had an excellent work record and reputation with the Texarkana Arkansas School District. A plaintiff may establish an inference of discrimination with evidence other than comparative evidence. *Lewis v. Heartland Inns of America, L.L.C.*, 591 F.3d 1033, (8th Cir. 2010). Here, the Court agrees with Judge Bryant that Plaintiff's evidence of an exemplary work record and excellent work reputation for twenty-seven years could allow a factfinder to infer a discriminatory motive.

Second, Defendants object to Judge Bryant's finding that even if Plaintiff was required to provide comparative evidence that she was treated differently than similarly situated Caucasian employees, she has provided such evidence. The evidence Plaintiff provided was that when she was initially suspended on December 19, 2008, none of the three Caucasian teachers who had access to the exam were initially investigated or questioned. The Court agrees with Judge Bryant that, viewing these facts in the light most favorable to Plaintiff, there is sufficient comparative evidence for a reasonable jury to conclude that Plaintiff was treated differently than similarly-situated Caucasian teachers at the time that she was suspended.

Defendant's third objection seems to be simply a clarification that Defendants have never disputed that Plaintiff suffered an adverse employment action, which is a requirement in establishing a *prima facie* case for race discrimination. *See Habib v. Nations Bank*, 279 F.3d 563, 566 (8th Cir. 2001). To prove her *prima facie* case, Plaintiff must show that she suffered an adverse employment action under circumstances permitting an inference that the action was a result of unlawful discrimination. *Id*. Here, Defendants do not dispute that Plaintiff suffered an adverse employment action. However, Defendants do dispute whether Plaintiff suffered the adverse employment action under circumstances permitting an inference that the action was a result of unlawful discrimination.

Fourth, Defendants object to Judge Bryant's finding that the evidence presented at the due process hearing along with the statements made by a school board member after the hearing create a fact issue as to whether the Texarkana Arkansas School District's stated reason for termination was pretextual. Here, Defendants' proffered reason for Plaintiff's termination is that, based on an internal investigation, Plaintiff was found to have given three students answer sheets to an algebra test. Because this proffered reason is nondiscriminatory, Plaintiff must demonstrate that the reason

proffered for her termination was pretextual. *Id*. at 566; *Lewis*, 591 F.3d at 1041. After the due process hearing on April 9, 2009, it is undisputed that one of the school board members made a statement to Plaintiff. The substance of the statement is in dispute. Defendants claim that the statement was that Plaintiff's attorney "could take his racism and go back to Little Rock." Plaintiff claims that the school board member told her that she "had lost his vote" when Plaintiff's attorney "played the race card" during the hearing. Viewing these statements in the light most favorable to Plaintiff, the Court agrees with Judge Bryant's finding that either statement could allow a reasonable jury to find that Defendants' stated reason fro terminating Plaintiff was a pretext for racial discrimination.

The first four objections deal with Plaintiff's race discrimination claim. Plaintiff's fifth and sixth objection deal with Plaintiff's retaliation claim. Fifth, Plaintiff objects to Judge Bryant's finding that there is a fact issue as to whether Plaintiff engaged in protected activity, which is an essential element of a retaliation claim. *See Recio v. Creighton University*, 521 F.3d 934, 938-39 (8th Cir. 2008). "Protected activities" include "activities ranging from filing a complaint to expressing a belief that the employer has engaged in discriminatory practices." *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 714 (8th Cir. 2000). At the due process hearing, Plaintiff's attorney raised the issue that the school district may have engaged in discriminatory conduct. Defendants contend that, because Plaintiff's *attorney* raised this discrimination argument and not Plaintiff *herself*, Plaintiff did not engage in protected activity. The Court agrees with Judge Bryant's finding that there are certain actions taken by an attorney while representing a client when done on behalf of the client can be protected activities. *See Sutherland v. Mo. Dept. of Corr.*, 580 F.3d 748, 752 (8th Cir. 2009) (holding that the filing of an incident report, grievances, charges of

discrimination, and a lawsuit are protected activities under Title VII); *Martin v. General Elec. Co.*, 891 F. Supp. 1052, 1060 (E.D. Pa.. 1995) (holding that plaintiff engaged in protected activity "when he sought legal advice and had his attorney notify GE that he intended to seek redress"). Here, Plaintiff expressed her belief, through her attorney, that her employer had possibly engaged in a discriminatory practice. Thus, the Court finds that there is a fact issue as to whether Plaintiff engaged in a protected activity by raising the claim of discrimination at the due process hearing.

Sixth, Plaintiff objects to Judge Bryant's finding that Plaintiff has raised a fact issue as to whether she had a good faith, reasonable belief of discrimination. To prove that she engaged in protected activity, Plaintiff must demonstrate that she had a good faith, reasonable belief that the underlying challenged action violated the law. *Buettner*, 216 F.3d at 714. Here, Plaintiff must show a good faith, reasonable belief that her termination was caused by race discrimination. As noted earlier, there is sufficient evidence to raise a genuine issue of material fact as to whether Plaintiff was treated differently because of her race. Thus, the Court agrees with Judge Bryant that Plaintiff has raised a fact issue as to whether she had a good faith, reasonable belief of discrimination.

The Court overrules Defendants' objections and adopts Judge Bryant's Report and Recommendation (ECF No. 69). For reasons stated herein and above, as well as those contained in the Report and Recommendation (ECF No. 69), Defendants' Motion for Summary Judgment (ECF No. 43) is **DENIED** as to Plaintiff's claims of race discrimination and retaliation. To the extent Plaintiff still alleges that her procedural due process rights were violated, summary judgment is **GRANTED** as to this claim.

**IT IS SO ORDERED**, this 11th day of March, 2011.

/s/ Harry F. Barnes　　　　
Hon. Harry F. Barnes
United States District Judge